McGrath *et al. v.* City & Suburban Railway Co.

The evidence showing that in approaching the point at which the injury occurred the driver of the wagon was engaged in the violation of a city ordinance by driving at a prohibited speed, and the circumstances being such as that, if this violation had not occurred, the negligence of the defendant would not have produced the injury if ordinary diligence had been observed by the driver, there was no error in granting a nonsuit.          *Judgment affirmed.*
January 8, 1894.

Action for damages. Before Judge MacDonell. City court of Savannah. May term, 1893.

The testimony showed the following: Gardner was driving plaintiff's team down Jefferson street in the city of Savannah, in a trot, pretty fast but slow enough to stop if he heard the bell. Turned the corner in a trot, and as soon as he did so defendant's car struck the left front wheel of the wagon, throwing him off and injuring him as described, and hurting the mule so that plaintiff was obliged to kill him. There was no way by which he could have avoided the collision, except that if he had heard the bell he could have stopped. Was driving at the ordinary speed, ordinary and usual trot. The car was going pretty fast, moving from West Broad street east, and he was going from Liberty street from south to north down Jefferson street and across diagonally, when the car struck the wagon and broke it all to pieces. Could not see the car until he got near the corner. The track is nearer the south side of Liberty street than the north side. The wagon was unloaded. It rattled a good deal. There were no boards and no bottom in it. Jefferson street is paved with stone and a wagon on it makes considerable noise, but one could hear a car ring its bell two or three blocks, if they chose to ring it. The motorman on this car was standing by the door with his hands in his pockets.

Witness could not tell who stopped the car, for when it stopped it was against the wagon.    Jefferson street is very narrow; three wagons could pass with ease on it. He knew the railroad was on Liberty street, and knew that cars were to be expected on it.    Knows that it is a dangerous place, but it is not dangerous if they attend to their business.    This is the first time he ever had a close shave with them.    He had his mind on his business at the time of the accident.    The motorman was standing with his hands in his pockets and his back against the door; if he had been attending to his business the accident could have been avoided; he jumped off the car, and the conductor put on the brake.    The team had turned out of Jefferson street when the wagon was struck.    The view of Liberty street is shut off by a large fence from Jefferson street.    No effort was made by the motorman to stop the car.    It stopped right in its place when it collided with the wagon.    No gong or bell was sounded.

Nonsuit was granted on the ground that at the time of the accident Gardner was in direct violation of a section of the code of Savannah, to the effect that it should not be lawful for any one driving a coach or other carriage to proceed faster than a slow trot, nor for any one driving a loaded vehicle used to transport any article of merchandise, to proceed in a pace beyond a walk, but all unloaded carts, drays or wagons might be driven in a moderate trot in all wide streets; provided, however, that the drivers thereon should not be allowed to turn corners or proceed through narrow streets, or on wharves, in any other manner than a walk; and providing a penalty for violation of this section.

Garrard, Meldrim & Newman, for plaintiff.
Saussy & Saussy, for defendant.